**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

vs.

JOHN ALBERT BROOKS,

       Defendant - Appellant.

No. 96-6343

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
D.C. No. CR 97-77-A

---

Patrick M. Ryan, United States Attorney, and Randal A. Sengel, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Paul Antonio Lacy, Assistant Federal Public Defender, Oklahoma City, Oklahoma for, Defendant-Appellant.

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[*]

---

KELLY, Circuit Judge.

---

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Brooks appeals his conviction for possession of phencyclidine (PCP) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), for which he was sentenced to 144 months imprisonment to be followed by five years of supervised release. He contends that the district court erred in denying his motion to suppress physical evidence, and that his conviction is not supported by sufficient evidence. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Brooks argues that the PCP police officers found in a container in his suitcase should be suppressed because the officers violated his Fourth Amendment rights. Mr. Brooks was stopped by police officers in the Oklahoma City airport, after the officers had received information from Los Angeles that a passenger named John Brooks arrived late for his flight, paid cash for his ticket, and was bound for Oklahoma City. The officers told Mr. Brooks that he was not under arrest and was free to leave, and then asked to speak with him about drugs. He agreed. An officer then asked to look at Mr. Brooks' ticket, his briefcase, and to pat him down. He agreed to each request. Next, an officer asked to look inside his suitcase. Mr. Brooks agreed. The officer found a tupperware bowl wrapped in silver duct tape. When asked what was in the bowl, Mr. Brooks responded, "grandmother's juice." Mr. Brooks was arrested. Soon thereafter, the container was opened revealing a half gallon of PCP.

Mr. Brooks argues that his Fourth Amendment rights were violated because his encounter with the police amounted to an investigative detention without reasonable suspicion, and the search of the container required a warrant. We review the district court's findings of fact for clear error, and we review de novo the determination of whether a search or seizure occurred. United States v. Hernandez, 93 F.3d 1493, 1498 (10th Cir. 1996). Based upon the casual nature of the encounter and the complete lack of any factors suggesting compliance with the officers' requests was required, the district court found a consensual encounter from start to finish, until the arrest. Thus, no Fourth Amendment interest was implicated. Florida v. Bostick, 501 U.S. 429, 434 (1991). The district court's factual findings are supported by the evidence and its legal conclusion is unassailably correct.

Once Mr. Brooks consented to the officers' search of his suitcase for drugs, the officers did not exceed the scope of consent when they also searched containers within his luggage. See Florida v. Jimeno, 500 U.S. 248, 250-51; United States v. Harfst, No. 95-2164, 1996 WL 131501, at **4-5 (10th Cir. Mar. 25, 1996) (unpublished order and judgment); United States v. Kim, 27 F.3d 947, 956 (3d Cir. 1994), cert. denied, 513 U.S. 1110 (1995). "[W]hen one gives general permission to search for drugs in a confined area, that permission extends

any items within that area that a reasonable person would believe to contain drugs." <u>Kim</u>, 27 F.3d at 956.

Mr. Brooks also claims that the evidence was insufficient to support the jury's verdict. Viewing the evidence in the light most favorable to the government, we find that a reasonable jury could have found Mr. Brooks guilty beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). The evidence adduced at trial established that Mr. Brooks hid a large quantity of PCP in his suitcase, from which a jury could conclude that he knowingly possessed PCP. <u>See</u> <u>United States v. Wood</u>, 57 F.3d 913, 918 (10th Cir. 1995). The large quantity of PCP—enough to produce over 5,000 PCP-laced cigarettes—also supported the inference that Mr. Brooks intended to distribute it. <u>See</u> <u>id.</u>

AFFIRMED. Defense counsel's request to withdraw is DENIED.